# In the United States Court of Federal Claims

No. 20-1498
(Filed: 17 August 2021)
NOT FOR PUBLICATION

*****************************************

| | |
|---|---|
| TODD SCHAEFFER, | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

*****************************************

*Todd Schaeffer*, *pro se*, of Fairfax, Virginia.

*Joseph A. Pixley*, Trial Attorney, with whom were *Patricia M. McCarthy*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Brian M. Boynton*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C.

### OPINION AND ORDER

**HOLTE**, **Judge**.

## I. Introduction

*Pro se* plaintiff Todd Schaeffer filed a complaint alleging the Federal Emergency Management Agency (FEMA) interfered with his job offer and requesting the Court either remand to the agency its decision or provide him relief in the form of lost earnings. The government moved to dismiss his complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the following reasons, the Court **DISMISSES** the complaint without prejudice. In the alternative, and acknowledging plaintiff's *pro se* status, the Court considers the arguments raised in the complete briefing on the government's motion to dismiss.

## II. Background

### A. Factual History

The Court draws the following facts from plaintiff's complaint, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader.").

Plaintiff received a contingent offer to work as a document processor for a contracting company providing services to FEMA. *See* Mot. to Remand, ECF No. 1 ("Compl.") at 1.[1] The government identifies the contracting company as Intellectus, LLC.  Gov't Mot. to Dismiss ("Gov't Mot."), ECF No. 10 at 1.  Plaintiff's offer was conditional on his receiving approval for a public trust clearance.  Compl. at 2.

A public trust clearance is a "type of background investigation" for positions which "may involve policy making, major program responsibility, public safety and health, law enforcement duties, fiduciary responsibilities, or other duties demanding a significant degree of public trust, and positions involving access to or operation or control of financial records, with a significant risk for causing damage or realizing personal gain."  USA JOBS SECURITY CLEARANCES https://www.usajobs.gov/help/faq/job-announcement/security-clearances/ (last visited Aug. 16 2021); 5 CFR § 731.106 (2011).  Plaintiff applied for a public trust clearance using Standard Form 85P ("SF85P").  Compl. at 2.  The SF85P states, "final determination on your suitability for a public trust position is the responsibility of the Office of Personnel Management or the Federal agency that requested your investigation."  OFFICE OF PERSONNEL MANAGEMENT, STANDARD FORM 85P, QUESTIONNAIRE FOR PUBLIC TRUST POSITIONS, http://www.opm.gov/Forms/pdf_fill/sf85p.pdf (last visited Aug. 16, 2021).  The agency requesting the investigation, FEMA, reviewed plaintiff's submission and deemed it noncompliant.  Compl. at 2.

Plaintiff states he did not receive notification of the status of his application for six months, "and was provided other notices from the contracting agency indicating a decision regarding the application was not made prior to the notice of the determination or option to refile the application by other communications during the application period."  *Id*.  At some point, the contracting company rescinded the conditional offer, although plaintiff's complaint is unclear when this occurred.  *Id*.  Plaintiff contacted several offices within DHS and FEMA "to answer the questions presented in the dispute and document of the process" in order "to confirm if the enclosed [determination] is a final agency decision, an investigation will not be pursued, the department does not offer a remedy, and agency level alternative dispute resolution is not an option."  *Id*.

On 15 June 2020, the only date plaintiff provides the Court, plaintiff received a final determination from the Personnel Security Division ("PSD") of FEMA, the division responsible for "evaluat[ing] background investigations for employees and contractors" and the adjudicator of investigation decisions.  Compl. at 3; FEMA, OFFICE OF CHIEF SECURITY OFFICER,

---

[1] The first document Mr. Schaeffer filed with this Court is titled a "Motion to Remand," which the Court interprets as his complaint.  *See* Order, ECF No. 11.

https://www.fema.gov/about/offices/security (last visited Aug. 16, 2021).  The final determination stated, "PSD advised you of its final request to provide the required information, rendered you noncompliant, and notification of this determination was sent to the contracting company's FEMA Contracting Officer Representative on the same date."  Compl. at 3.

Following the final determination, plaintiff attempted to "negotiate a resolution" with PSD, offering "to outline a course of action" while "acknowledging FEMA was probably overwhelmed [sic] by the issues observed by [plaintiff]."  *Id*.  PSD reiterated to plaintiff the final determination and "consider[ed] th[e] matter closed."  *Id*.  Plaintiff then "emailed a demand for FEMA to decide the action necessary to settle this reimbursement claim by the preferred proposed negotiated procedure."  *Id*.  FEMA did not respond.  *Id.*

### B.  Procedural History

Plaintiff filed his complaint on 26 October 2020.  *See* Compl.  Along with his case, plaintiff filed a motion to seal the case and a motion titled an "application to proceed without payment of fees or costs."  *See* Mot. to Seal the Case from Public Disclosure, ECF No. 16; Application to Proceed Without Payment of Fees or Costs, ECF No. 17.  On 27 January 2021, the government filed a motion to dismiss.  *See* Def.'s Mot. to Dismiss, ECF No. 10.  On 2 April 2021, the Court rejected Mr. Schaeffer's "application to proceed without payment of fees or costs" and ordered him to either file a completed application to proceed *in forma pauperis* or pay the filing fees on or before 30 April 2021.  *See* Order, ECF No. 15 at 2.  In the same order, the Court denied plaintiff's motion to seal the case and directed the Clerk's Office to file by its leave Mr. Schaeffer's response to the government's motion to dismiss.  *Id*. at 3; Resp. to Def.'s Mot. to Dismiss, ECF No. 18 ("Pl.'s Resp.").  The government filed a reply in support of its motion to dismiss on 26 April 2021.  See Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss ("Gov't Reply"), ECF No. 22.

### III.  Plaintiff's Failure to Pay Filing Fees or File a Proper Motion to Proceed *In Forma Pauperis*

As detailed in the Court's 2 April 2021 order, plaintiff filed a motion titled an "application to proceed without payment of fees or costs" on 26 October 2020.  *See* Order, ECF No. 15.  In his motion, plaintiff "request[ed] the fees and/or costs . . . are waived as premature since the case involves a Federal Emergency Management Agency . . . officer's decision and assignment of the expense could be viewed as unnecessary, duplicative, or improper."  *Id*. at 2.  The Court denied plaintiff's motion as an insufficient motion to proceed *in forma pauperis*, noting, pursuant to 28 U.S.C. § 1915, plaintiff's motion failed to include "an affidavit that includes a statement of all assets" which demonstrates plaintiff is "unable to pay such fees or give security therefor."  *Id*.  The Court extended the deadline for plaintiff to either pay the required fees or submit a completed application to proceed in forma pauperis to 30 April 2021 and warned plaintiff failure to file a completed application to proceed *in forma pauperis* or pay the required fees will result in the action "dismissed without prejudice for failure to comply with a court order pursuant to RCFC 41(b)."  *Id*.  To date, plaintiff has failed to either submit a substantially complete application to proceed *in forma pauperis* or pay the required fees.

When a party fails to comply with court orders, dismissal is not only appropriate, but also required to properly administer justice. "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). Furthermore, RCFC 41(b) provides, "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion." As *pro se* plaintiffs are, by their nature, unassisted, however, this Court may sometimes grant a *pro se* plaintiff greater lenience in the filing process. In keeping with this permissive leniency, the Court has allowed plaintiff repeated opportunities to submit a proper application to proceed *in forma pauperis* or pay the filing fee. Despite failing to submit a proper application to proceed *in forma pauperis* or pay the filing fee, plaintiff has continued to attempt to file other documents in this case. *See, e.g.*, Order, ECF No. 23.

Plaintiff has failed to comply with a Court order directing him to either pay the filing fee or submit a proper motion to proceed *in forma pauperis*; the Court therefore has no choice but to dismiss plaintiff's case without prejudice pursuant to RCFC 41(b).

## IV. Parties' Arguments on the Government's Motion to Dismiss

In the alternative to plaintiff's failure to pay the required filing fees or file a proper motion to proceed *in forma pauperis*, and acknowledging plaintiff's *pro se* status, the Court will also alternatively consider the arguments raised in the government's motion to dismiss for lack of subject matter jurisdiction. The government moves to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. *See* Gov't Mot. at 1. The government argues this Court lacks subject matter jurisdiction over plaintiff's claims because: (1) plaintiff "does not allege that he sought employment with [the government];" (2) plaintiff "is not in privity of contract with the United States;" and (3) plaintiff's claims "sound in tort." *Id.* at 5–6.

First, the government argues plaintiff, as a "private sector job applicant" who sought employment with a private company, does not have a valid claim against the government because plaintiff "does not allege that he sought employment directly with FEMA or with any agency of the United States." *Id.* at 4. The government contends plaintiff "does not allege that he has a contract with the United States, or sought to enter into one." *Id.* at 5. Second, the government argues plaintiff's "contingent employment agreement with a private company" fails to establish privity of contract with the government "and jurisdiction under the Tucker Act, therefore, is lacking." *Id.* Third, the government argues plaintiff's claims "sound in tort," as "the law recognizes a cause of action for 'tortious interference' with a prospective business relationship, which can include the denial of an offer of employment based upon the 'tortious' actions of a third party." *Id.* The government elaborates, "[plaintiff] alleges that FEMA wrongly determined that his SF 85-P was 'noncompliant,' which resulted in his prospective employer rescinding its conditional offer of employment to him" and "the test for tortious interference is whether there was 'an understanding between [prospective business] parties [which] would have been completed had the defendant not interfered.'" Gov't Mot. at 6 (quoting *Miller v. Morris Communication Co.*, No. 3:03-cv-812, 2005 WL 8159674 at *12 (D. M.D. Fla., July 22, 2005)).

Plaintiff does not directly address the government's arguments. Plaintiff instead contends "relief by the Tucker Act is not implied by the plaintiff's statements" and "[t]he reasoning to cite the section in the statement was based on distinguishing provisions for threshold and specific remedies in jurisdiction statutes." Pl.'s Resp. at 2.  Plaintiff contends "defensive exceptions to claims and limitations for access to public records [can be] corrected by less formal action necessary for leadership to make internal decisions of accountability and the view of money as property potentially challenged as a liberal definition of the principle." *Id.*  Plaintiff argues "defendant['s] suggestion of tortious interference is not as sensible a conclusion as entering or ordering administrative review." *Id.* at 3.  Plaintiff also states "[a] decision could require further identification of material by a joint preliminary statement.  Discovery conveys an offer authorized by the service contract act, an inquiry to withheld and varied communication, and proposed existent [sic] of the contract dispute act resolution guidelines or alternatives . . . . Remand, mediation, or settlement are contemplated actions." *Id.*  Plaintiff, in his "Motion to Remand," alleges "direct contractual relations with the government . . . ."  Compl. at 1.

## V.  Legal Standard of the Government's Motion to Dismiss

### A.  Subject-Matter Jurisdiction

"The Court of Federal Claims, like all federal courts, is a court of limited jurisdiction." *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). Under the Tucker Act,

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491 (a)(1).  "[T]o invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." *Kahn v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000).  Jurisdiction is established by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1162 (Fed. Cir. 2011).

### B.  *Pro se* litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers.").  Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  If a petitioner acts *pro se* in drafting her pleadings, it "may explain its ambiguities,

but does not excuse its failures, if such there be."  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## VI.  Analysis of the Arguments Raised in the Government's Motion to Dismiss

### A.  Whether Plaintiff Sought Employment with the United States

The government contends plaintiff "does not allege that he sought employment directly with FEMA or with any agency of the United States," but is rather a "private sector job applicant" with a "rescinded job offer."  Gov't Mot. at 4.  The "jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."  *Nat'l City Bank of Evansville v. United States*, 143 Ct. Cl. 154, 164 (1958); *see also Delmarva Power & Light Co. v. United States*, 79 Fed. Cl. 205, 213 (2007), *aff'd*, 542 F.3d 889 (Fed. Cir. 2008) ("The Court of Federal Claims and its predecessor courts have never possessed jurisdiction to adjudicate disputes between private parties.").  A plaintiff further "cannot invoke Tucker Act jurisdiction by merely naming the United States as the defendant in the caption of the complaint but failing to assert any substantive claims against the federal government."  *Fullard v. United States*, 78 Fed. Cl. 294, 300 (2007).

A private company offered plaintiff a conditional job offer, the private company later rescinded the conditional job offer, and plaintiff does not argue he sought employment with the government.  Compl. at 1–6; Pl.s' Resp. at 1–4.  Plaintiff's application for a public trust clearance does not establish plaintiff as a government employee or applicant for government employment.  *See Thompson v. Merit Sys. Prot. Bd.*, 421 F.3d 1336, 1339 (Fed. Cir. 2005) (dismissing for lack of jurisdiction a claim a non-government employee brought for a denial of security clearance before the Merit System Protection Board on the ground an employee of a private government contractor is neither a government employee or applicant for government employment).  Plaintiff's employment dispute is related to the recission of an employment offer from a private company, and the Court of Federal Claims lacks jurisdiction over suits against private parties.  The Court therefore lacks jurisdiction over plaintiffs' claim for damages to the extent plaintiff's claims stem from the loss of employment with a private employer.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claims] is without jurisdiction of any suit brought against private parties."); *Nat'l City Bank*, 143 Ct. Cl. at 164.  The Court further lacks jurisdiction over plaintiff's claims to the extent plaintiff is requesting the Court overturn the agency's decision on plaintiff's public trust application.  *See Webster v. Doe*, 486 U.S. 592, 601 (1988) (holding federal courts lack jurisdiction to review the merits of security clearance decisions); *see also Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990) (citing *Dept. of Navy v. Egan*, 484 U.S. 518, 527 (1988)) ("The decision to grant or revoke a security clearance is committed to the discretion of the President by law.  The district court therefore cannot review the merits of the department's decision to revoke [plaintiff's] security clearance.") (internal citations omitted).

### B.  Whether Plaintiff has Privity of Contract with the United States

The government further argues plaintiff does not have "privity of contract with the government" because of his status as a private sector job applicant, and therefore the Court lacks

jurisdiction over plaintiff's claims. Gov't Mot. at 5. Plaintiff alleges the existence of "direct contractual relations with the government and [that] it is necessary to evaluate the terms of the contract." Compl. at 1.

The Tucker Act allows plaintiffs to bring an action against the government "founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a). The Tucker Act's waiver of sovereign immunity, however, is premised on the existence of privity of contract between plaintiff and the government. *See Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The Government consents to be sued only by those with whom it has privity of contract"); *see also Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998) ("We have stated that '[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between plaintiff and the government' . . . . In other words, there must be privity of contract between the plaintiff and the United States.") (quoting *Ransom v. United States*, 900 F.2d 242, 244 (Fed. Cir. 1990)) (internal citations omitted). The requirement of "privity" "mean[s] that the alleged contract must actually be between the plaintiff and the government, and if such is not found, this court simply lacks jurisdiction to entertain these instant claims." *Martinez v. United States*, 48 Fed. Cl. 851, 860 (2001) (citing *Cienega Gardens*, 194 F.3d at 1239). A finding of privity of contract "equates to a finding of a waiver of sovereign immunity" under the Tucker Act, and, as "waivers of sovereign immunity must be strictly construed," courts "narrowly construe requirements for establishing privity." *Globex Corp. v. United States*, 54 Fed. Cl. 343, 348 (2002).

Although plaintiff alleges "direct contractual relations" with the government, he does not provide any facts establishing a direct contractual relationship beyond this conclusory statement. *See* Compl. at 1. Plaintiff asks the court to "evaluate the terms of the contract" but does not provide these terms. *Id*. Nor does plaintiff allege facts supporting the presence of an implied contract. *See City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) ("An implied-in-fact contract requires findings of . . . mutuality of intent to contract"); Compl. at 1–6; Pl.'s Resp. at 1–4. Plaintiff's failure to allege sufficient facts supporting the existence of a contract in turn fails to establish privity of contract with the government and therefore fails to establish subject matter jurisdiction. *See Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The Government consents to be sued only by those with whom it has privity of contract"); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) ("[Plaintiff] bears the burden of establishing the court's jurisdiction over its claims by a preponderance of the evidence.").

### C. Whether Plaintiff's Claims Sound in Tort

The government argues the Court further lacks jurisdiction over plaintiff's claims because the claims "sound in tort." Gov't Mot. at 6. The government states, "the law recognizes a cause of action for 'tortious interference' with a prospective business relationship, which can include the denial of an offer of employment, based upon the 'tortious' actions of a third party." *Id*. at 5. Plaintiff counters the government's "suggestion of tortious interference is not as sensible a conclusion as entering or ordering administrative review to determine the reimbursement of lost income finding an incidental expense absent design of the plaintiff." Pl.'s Resp. at 3.

This Court lacks jurisdiction over any claims against the government sounding in tort. *See Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims."). As the name would suggest, tortious interference is a claim sounding in tort. *See Lea v. United States*, 592 F. App'x 930, 933 (Fed. Cir. 2014) (quoting *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)) ("'The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort.' Both fraud and tortious interference with contract are torts.") (citation omitted).

Plaintiff alleges FEMA's SF85P determination resulted in the loss of a conditional offer of employment from a private employer. Compl. at 2. The Federal Circuit has found similar claims sound in tort, and therefore the Court of Federal Claims lacks jurisdiction over them. *See Jireh Consulting Inc. v. United States*, 167 F. App'x 179, 180 (Fed. Cir. 2006) (calling allegations against the government of "sabotage, fraud, slander and libel, discrimination, tortious interference, and agency-wide abuse" tortious conduct the Court of Federal Claims does not have jurisdiction over). To the extent plaintiff argues he is in contract with a private employer and the government was a third party tortiously interfering with this business relationship, this Court lacks jurisdiction over his claims. *See* 28 U.S.C. § 1491(a)(1); *Keene*, 508 U.S. at 214 (1993).

## VII. Conclusion

As described in detail *supra*, on 2 April 2021, the Court denied plaintiff's motion titled an "application to proceed without payment of fees or costs" as insufficient to serve as a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 and directed plaintiff to either pay the required filing fees or submit a substantially complete application to proceed *in forma pauperis*. To date, plaintiff has failed to take either of these actions, despite filing other documents during this time. The Court therefore has no choice but to **DISMISS** plaintiff's case without prejudice for failure to comply with a Court order, pursuant to RCFC 41(b). Alternatively, even if plaintiff paid the filing fees or submitted a complete motion to proceed *in forma pauperis*, plaintiff is not a government employee or in privity with the government and plaintiff's claims sound in tort. The Court would therefore not have jurisdiction over plaintiff's claims under the Tucker Act. *See* 28 U.S.C. § 1491(a)(1). The Clerk is directed to enter judgment consistent with this order.

**IT IS SO ORDERED**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge