# In the United States Court of Federal Claims

No. 20-1498C
(Filed: 2 April 2021)

****************************************
TODD SCHAEFFER, *
Plaintiff, *
v. *
THE UNITED STATES, *
Defendant. *
****************************************

**ORDER**

On 26 October 2020, Mr. Schaeffer filed a sealed complaint "mov[ing] for an order remanding this action to the Federal Emergency Management Agency." *See* Motion to Remand, ECF No. 1.[1] The government filed a motion to dismiss on 27 January 2021. *See* Def.'s Mot. to Dismiss, ECF No. 10. On 16 February 2021, the Court received Mr. Schaeffer's Response to the Government's motion to Dismiss. *See* Order, ECF No. 11. The Court issued an order on 25 February 2021 directing Mr. Schaeffer to file a motion to seal the case and either pay the filing fee or file a motion to proceed in forma pauperis. *Id.* at 2. On 22 March 2021, Mr. Schaeffer filed a response to the Court's order indicating he included "a motion to seal the case from public disclosure and application to proceed without payment of costs or fees" with his complaint as filed on 26 October 2020. *See* Pl.'s Resp. to Court Order Filed 25 February 2021, ECF No. 12 at 1. On 25 March 2021, Mr. Schaeffer filed an additional motion "for relief from [the Court's] order filed 25 February 2021" pursuant to Rule 60 of the Rules of the United States Court of Federal Claims ("RCFC") and a motion for a more definitive statement "inorder [sic] to summarize pretrial matters and request the [C]ourt and defendant . . . specify their preferences for cited issues." *See* Application for Relief from Order Filed 25 February 2021, ECF No. 13; Motion for a More Definitive Statement, ECF No. 14.

The Court has reviewed Mr. Schaffer's 22 March 2021 response to this Court's 25 February 2021 order. Upon further investigation, the Clerk's Office discovered that, due to an administrative error in the handling of Mr. Schaeffer's documents, a list of authorities, an Application to Proceed Without Payment of Fees or Costs, and a Motion to Seal the Case From Public Disclosure were included with Mr. Schaeffer's complaint but not initially filed on the

[1] The first document Mr. Schaeffer filed with this Court is titled a "Motion to Remand," which the Court interprets as his complaint. *See* Order, ECF No. 11.

docket of this case. The Clerk of Court has since uploaded the list of authorities as an attachment to the complaint and updated the docket text of ECF No. 1 accordingly. The Clerk of Court is further **DIRECTED** to file Mr. Schaeffer's Application to Proceed Without Payment of Fees or Costs and his Motion to Seal the Case From Public Disclosure *nunc pro tunc* to 26 October 2020. The Court apologizes for any inconvenience this error has caused the parties.

As indicated in the Court's 25 February 2021 order, to proceed with a civil action before the Court, Mr. Schaeffer must either pay $400.00 in fees—a $350.00 filing fee plus a $50.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting a signed application to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915. Mr. Schaeffer filed alongside his complaint a document titled "application to proceed without payment of fees or costs," in which he "request[s] the fees and/or costs of the motion to remand are waived as premature since the case involves a Federal Emergency Management Agency . . . officer's decision and assignment of the expense could be viewed as unnecessary, duplicative, or improper."[2] Pursuant to 28 U.S.C. § 1915, to proceed IFP Mr. Schaeffer must "submit[] an affidavit that includes a statement of all assets" and demonstrates he is "unable to pay such fees or give security therefor." The information contained in Mr. Schaeffer's "Application to Proceed Without Payment of Fees or Costs" is insufficient to allow the Court to assess his indigency status and therefore cannot form the basis for him to proceed IFP. Mr. Schaeffer's deadline to submit a completed IFP application in at least substantial compliance with the form attached to the Court's 25 February 2021 order—or, in the alternative, payment of the required $400.00 in filing fees—is extended to 30 April 2021. If Mr. Schaeffer fails to either file a completed IFP application or pay the required fees, this action shall be dismissed without prejudice for failure to comply with a court order pursuant to RCFC 41(b). *See* Order, ECF No. 11.

Mr. Schaeffer states in his Motion to Seal the Case From Public Disclosure "[t]he existence of information which enhances the competitiveness of an organization's technical operations is legally protectable and benefits from restricted access when encountering discretional events" and claims the public filing of this case "could enable those who may find it perfectly acceptable to consensually act with an obvious intention of negligence and malice to cause public inconvenience [sic] recklessly creating a risk thereof an implying a spirit of mischief or criminal indifference to civil obligations." Mr. Schaeffer's conclusory arguments in favor of sealing the entirety of his case record are insufficient to overcome the "strong presumption in favor of a common law right of public access to court proceedings." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978)). Mr. Schaeffer has not shown "specific prejudice or harm will result" if the identified documents are not filed under seal. *Id.* at 1356–58.

For the forgoing reasons, Mr. Schaeffer's Application to Proceed without Payment of Fees or Costs is **DENIED**. Mr. Schaeffer's deadline for submission of a completed IFP

---

[2] Mr. Schaeffer cites RCFC 37 as the legal authority supporting his IFP application. Rule 37 relates to sanctions for the behavior of parties during discovery and is not applicable here. *See, e.g.* RCFC 37(a) ("Motion for an Order Compelling Disclosure or Discovery"); 37(b) ("Failure to Comply with a Court Order"); 37(c) ("Failure to Disclose, to Supplement an Earlier Response, or to Admit"); 37(d) ("Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection").

application in substantial compliance with the form attached to the Court's 25 February 2021 order—or, in the alternative, payment of the required $400.00 in filing fees—is extended to **30 April 2021**. If Mr. Schaeffer fails to either file a completed IFP application or pay the required fees, this action shall be dismissed without prejudice for failure to comply with a court order pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims. *See* Order, ECF No. 11.

Mr. Schaeffer's Motion to Seal the Case from Public Disclosure is **DENIED**. If Mr. Schaeffer wishes to pursue his requests certain documents in this case remain under seal, he may file motions to this effect on or before **30 April 2021**. If Mr. Schaeffer fails to provide an adequate explanation as to why his complaint should remain under seal, the Court will direct the Clerk of Court to unseal the docket entry. Mr. Schaeffer's "Application for Relief from Order Filed 25 February 2021," ECF No. 13, is **STAYED** pending resolution of the government's motion to dismiss.

Mr. Schaeffer's "Motion for a More Definitive Statement" moves for the Court to "determin[e] the benefit of a schedule for parties to evaluate pretrial matters, take action to simply issues, determine the appropriateness of timing of disclosures and discovery, identify relevant material, and/or facilitate disposition." Mot. for a More Definitive Statement, ECF No. 14 at 1. The Court interprets Mr. Schaeffer's motion as asking the Court to set a discovery and pretrial schedule, a request best addressed following resolution of the government's motion to dismiss.[3] Mr. Schaeffer's motion, ECF No. 14, is **STAYED** pending resolution of the government's motion to dismiss. The Clerk of Court is **DIRECTED** to file by the Court's leave Mr. Schaeffer's document titled "Plaintiff's Response to Defendant's Motion to Dismiss" as a response to the government's motion to dismiss.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

[3] Mr. Schaeffer titles his motion a "motion for a more definitive statement." He cites the "issue" of the motion, however, as requesting the Court determine a schedule or pretrial matters and cites RCFC 16 as justification of this issue. *See* Mot. for a More Definitive Statement, ECF No. 14 at 1. Similarly, the motion's "conclusion" askes the Court to "order[] a joint preliminary status report or specify[] additional information requests to support disposition." *Id*. at 2–3. A motion for a more definite statement, on the other hand, is only made when the opposing party has issued "a responsive pleading . . . so vague or ambiguous that the party cannot reasonably prepare a response. RCFC 12(e). Mr. Schaeffer does not identify any specific pleadings made by the government "so vague or ambiguous" that he cannot respond in his motion, but instead requests the Court establish a discovery and pretrial schedule. *See* Mot. for a More Definitive Statement, ECF No. 14 at 1.