# In the United States Court of Federal Claims

No. 20-1498
(Filed: 29 December 2021)
NOT FOR PUBLICATION

```
*****************************************
TODD SCHAEFFER,                          *
                                         *
                    Plaintiff,           *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
                                         *
*****************************************
```

**ORDER**

**HOLTE**, **Judge**.

      On 26 October 2020, *pro se* plaintiff Todd Schaeffer filed a complaint alleging the Federal Emergency Management Agency ("FEMA") interfered with his conditional private-sector job offer and requested the Court either remand to the agency for reconsideration or provide him relief in the form of lost earnings. *See* Compl., ECF No. 1. On 17 August 2021, the Court dismissed *pro se* plaintiff's complaint without prejudice for failure to pay the Court's required filing fees or submit a complete application to proceed *in forma pauperis*, and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Op. & Order, ECF No. 24. In its Opinion, the Court held plaintiff failed to comply with the Court's Order, ECF No. 15, and dismissed the case pursuant to RCFC 41(b). *Id.* at 8. Alternatively, the Court held even if plaintiff paid the filing fees or submitted a complete motion to proceed *in forma pauperis* as ordered, plaintiff is a private-sector job applicant, not a government employee, so he has no valid claim against the federal government. *Id.* at 6. Further, the Court found FEMA's denial of plaintiff's public trust clearance application does not put plaintiff in privity of contract with the government, even if plaintiff's private-sector job offer was contingent on receiving FEMA's approval. *Id.* at 7. Last, the Court held plaintiff's claims sound in tort which is firmly outside the jurisdiction of the Court. *Id.* at 8. Consequently, the Court held it would not have jurisdiction over plaintiff's claims under the Tucker Act. *Id.*; *see* 28 U.S.C. § 1491(a)(1) (2018). On 23 August 2021, plaintiff, proceeding *pro se*, filed a motion for reconsideration pursuant to RCFC 59. *See* Relief from Op. & Order, ECF No. 28.

      RCFC 59(a)(1) provides the Court may grant a motion for reconsideration: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; [or] (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." "Motions for reconsideration must be supported 'by a showing of extraordinary

circumstances which justify relief.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) (per curiam)). "Under [RCFC] 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)). A motion for reconsideration "should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Seldovia Native Ass'n v. United States*, 36 Fed. Cl. 593, 594 (1996) (quoting *Roche v. District of Columbia*, 18 Ct. Cl. 289, 290 (1883)). "It is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier." *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018) (citing *Freeman v. United States*, No. 01-39L, 2016 WL 943859 (Fed. Cl. Mar. 1, 2016), *aff'd*, 875 F.3d 623 (Fed. Cir. 2017)). Deciding whether reconsideration is appropriate "lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted).

Plaintiff does not argue there has been a change in the controlling law; in fact, he does not cite a single case or statute. *See* Relief from Op. & Order. Plaintiff also does not argue newly discovered evidence justifies reconsideration, nor does he present any. *Id.* Therefore, the Court must determine whether there is "a need to correct clear factual or legal error or prevent manifest injustice." *Id.* In his motion, plaintiff attempts to relitigate issues by presenting legal arguments similar to those the Court found insufficient to establish jurisdiction in its 17 August 2021 Opinion. *See Dairyland Power Co-op v. United* States, 106 Fed. Cl. 102, 104 (2012) ("Reconsideration is not to be construed as an opportunity to relitigate issues already decided."). Plaintiff also argues this action "was filed to obtain an answer concerning withheld information during the application for public trust process" and the Court's "[j]urisdiction is governed by concurrent policies." Relief from Op. & Order at 5. Plaintiff states "[p]ayment of fees . . . [are] not required where the movant asserts good faith efforts to obtain disclosure or discovery without court action sharing the inconsistency of principles." *Id.* Lastly, "plaintiff requests the [C]ourt rule on the provision for special damages, affirm the claim is jurisdiction of the FEMA contract, consider ordering the defendant to specify information related to liability for tortious interference, and/or use other rules to identify another process or organization to refer the issues." *Id.* at 5–6 (footnote omitted).

On plaintiff's first argument, the Court established in its 17 August 2021 Opinion it lacks jurisdiction over plaintiff's claims pertaining to the agency's decision on plaintiff's public trust application. Op. & Order at 6; *see Webster v. Doe*, 486 U.S. 592, 601 (1988) (holding federal courts lack jurisdiction to review the merits of security clearance decisions); *see also Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990) ("The decision to grant or revoke a security clearance is committed to the discretion of the President by law. The district court therefore cannot review the merits of the department's decision to revoke [plaintiff's] security clearance." (citing *Dept. of Navy v. Egan*, 484 U.S. 518, 527 (1988)) (internal citations omitted)). Plaintiff asserts this Court's jurisdiction may be invoked through "concurrent policies" but fails to name

any such policies. Relief from Op. & Order at 5. Thus, it was not clear error to hold the Court lacked subject matter jurisdiction over plaintiff's claims. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[Plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." (citations omitted)).

As for plaintiff's assertion that payment of fees is not required, the Court refers plaintiff to 28 U.S.C. § 1926(b) (2018): "The court may require advance payment of fees by rule." The current Judicial Conference Schedule of Fees for the U.S. Court of Federal Claims sets forth a civil action filing fee of $350 plus an administrative fee of $52. *Id.* If plaintiff is unable to pay such fees, the Court refers plaintiff to the 2 April 2021 Order, ECF No. 15, directing him to file a complete application to proceed *in forma pauperis* by 30 April 2021, or alternatively pay the required fees. *Bryant v. United States*, 618 F. App'x 683, 686 (2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the [Court of Federal Claims] acts within its discretion when it dismisses the action, just as it did in this case." (citing *Brown v. United States*, 88 Fed. Cl. 795, 798 (2009))). To date, plaintiff has failed to take either of these actions, despite filing other documents during this time. It was therefore not clear error to dismiss plaintiff's complaint for failing to comply with a Court order. *See* RCFC 41(b) ("If the plaintiff fails to . . . comply with . . . a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."); *Bryant*, 618 F. App'x at 686.

Regarding plaintiff's requests for the Court to rule on special damages, find jurisdiction under his FEMA contract, consider government tort liability further, "or use other rules to identify another process or organization to refer the issues," the Court is unable to perform any such actions. Relief from Op. & Order at 5–6. First, for the reasons already established in the Court's 17 August 2021 Opinion, the Court lacks jurisdiction over each of plaintiff's claims; thus, the Court cannot award special damages for claims it is powerless to hear. *See* Op. & Order. Second, regarding the alleged FEMA contract, the Court has already established "[p]laintiff's failure to allege sufficient facts supporting the existence of a contract in turn fails to establish privity of contract with the government and therefore fails to establish subject matter jurisdiction." *Id.* at 7 (citations omitted). Third, regarding government tort liability, "[t]his Court lacks jurisdiction over any claims against the government sounding in tort." *Id.* at 8 (citing *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims.")). Fourth, regarding plaintiff's request for the Court to use its own rules as an end run around his jurisdictional deficiencies, no Court of Federal Claims rule or process can overcome the jurisdictional bar presented by the Tucker Act, which plaintiff fails to meet. 28 U.S.C. § 1491(a). Plaintiff's requests do not present the extraordinary circumstances required to justify relief. *Caldwell*, 391 F.3d at 1235 ("Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" (citation omitted)).

Plaintiff has not met the heightened standard for the Court to grant a motion for reconsideration. *See id.*; *Biery*, 818 F.3d at 711. Accordingly, the Court **DENIES** plaintiff's

motion for reconsideration, ECF No. 28.[1]  Also, plaintiff has not remedied his failure to comply with the Court's 2 April 2021 Order, ECF No. 15, by submitting a complete motion to proceed *in forma pauperis* or paying the Court's filing fees.  Even if plaintiff presented sufficient grounds for reconsideration, his motion would nevertheless be denied.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

---

[1] On 10 September 2021, plaintiff attempted to file a response to the Court's Order, ECF No. 27, issued earlier the same day, which unsealed plaintiff's filings, rejected four deficient filings, and filed by leave plaintiff's motion for reconsideration.  On 13 December 2021, plaintiff further attempted to file a document requesting relief from the Court's Order, ECF No. 29, issued earlier the same day, which rejected a different deficient document.  There are no provisions in the RCFC for filing a response to a Court Order unless directed or for requesting relief from an order rejecting a deficient document.  Accordingly, the Court **REJECTS** plaintiff's 10 September 2021 and 13 December 2021 deficient filings.